UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA GALLAGHER, Individually, | § | |
| | § | |
| Plaintiff, | § | CASE NO. ___5:20-cv-00717___ |
| | § | |
| vs. | § | |
| | § | NO JURY |
| JAID HOSPITALITY DEVELOPMENT | § | |
| LLC, a Texas Limited Liability Company, | § | Magistrate Requested |
| d/b/a La Quinta Inn by Wyndham San | § | |
| Antonio Vance Jackson, | § | |
| | § | |
| Defendant. | | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT
### (Injunctive Relief Demanded)

---

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, MARIA GALLAGHER, on her behalf and on behalf of all other mobility impaired and blind individuals similarly situated ("Plaintiff"), and hereby sues the Defendant, JAID HOSPITALITY DEVELOPMENT LLC, a Texas Limited Liability Company, d/b/a La Quinta Inn by Wyndham San Antonio Vance Jackson, ("Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

### COUNT I
### VIOLATION OF TITLE III OF THE AMERICANS
### WITH DISABILITIES ACT 42 U.S.C. § 12181, *et seq.*

### I.   PARTIES

1.      Plaintiff, MARIA GALLAGHER, is an individual residing in West Palm Beach, FL, in the County of Palm Beach.

2.      Defendant's property, La Quinta Inn by Wyndham San Antonio Vance Jackson is located at 5922 Interstate 10 West, San Antonio, TX 78201, in the County of Bexar.

## II.   JURISDICTION AND VENUE

3.      This Court has original jurisdiction in this action.  This Court has been given original jurisdiction over actions arising from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. See also 28 U.S.C. § 2201 and § 2202.

4.      Venue is properly in the United States District Court for the Western District of Texas because venue lies in the judicial district of the property situs.  The Defendant's property is located in the Western District of Texas and the Defendant conducts business within this judicial district.

## III.   STATUTORY BACKGROUND

5.      On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

6.      Among other things, Congress made findings in 42 U.S.C. § 12101 (a)(1)-(3), (5) and (9) that included:

a.      Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b.      Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

2

c.     Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

d.     Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

e.     The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

7.     Congress also explicitly stated in 42 U.S.C. § 12101 (b)(1)(2) and (4)  that the purpose of the Americans with Disabilities Act was to:

a.     Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b.     Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

c.     Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the

major areas of discrimination faced day-to-day by people with disabilities.

8.      Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

9.      Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## IV.  THE PARTIES AND STANDING

10.     Plaintiff Maria Gallagher is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Because of the condition of her hip, chronic right trochanteric bursitis, she gets around when going short distances, by the use of a walker or a cane; while going longer distances, she gets around through the use of a wheelchair.

11.     Maria Gallagher frequently visits San Antonio to visit her sister and brother and other family members, to take advantage of the culture that the city possess, and to advocate for disabled rights.

12.     Maria Gallagher was a guest of the La Quinta Inn by Wyndham San Antonio Vance Jackson on December 22 to December 23, 2019, and plans to return to the subject hotel in the near future to avail herself of the goods and services offered to the public at the property, when the property is made accessible for her use.

4

13.     The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

14.     Defendant owns, or leases (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as La Quinta Inn by Wyndham San Antonio Vance Jackson, and is located at 5922 Interstate 10 West, San Antonio, TX 78201.

15.     MARIA GALLAGHER has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 17 of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  MARIA GALLAGHER desires to visit La Quinta Inn by Wyndham San Antonio Vance Jackson, not only to avail herself of the goods and services available at the properties but to assure herself that these properties are in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

16.     The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq., as set forth in paragraph 17 herein.

## THE INSTANT CLAIM

17.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of La Quinta Inn by Wyndham San Antonio Vance Jackson has shown that violations exist.  These violations personally encountered or observed by Mrs. Gallagher include, but are not limited to:

### Accessible Route

A.    The Plaintiff had difficulty traversing the facility due to site arrivals point not providing accessible routes to the public streets and sidewalks. In violation of Section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B.    The stair hand rails are not provided on both sides as well as not provide extensions at top or bottom of stairs making it difficult for the Plaintiff to utilize. In violations of Sections 505.2 and 505.10 in the 2010 ADA Standards, whose resolution is readily achievable.

C.    The existing stairs have open risers making it difficult for the Plaintiff to utilize. In violation of Section 504.3 in the ADA Standards, whose resolution is readily achievable.

### Parking

D.    The passenger loading zone at the main entrance does not provide a marked access aisle adjacent to the vehicular pull-up space as required. In violation of Section 503.3 in the 2010 ADA Standards, whose resolution is readily achievable.

E.    The Plaintiff had difficulty utilizing the access aisle due to the ramp projecting into the access aisle. In violation of Section 406.5 in the 2010 ADA Standards, whose resolution is readily achievable.

6

**Entrances**

F.      The Plaintiff had difficulty traversing into the entrances throughout the facility and room due to the floor mat not being secured to the floor. In violation of Section 302.2 in the 2010 ADA Standards, whose resolution is readily achievable.

**Common Area**

G.      The Plaintiff had difficulty utilizing the tables in the dining area due to the tables not providing knee and toe clearance as required. In violation of Sections 306.2.1 and 306.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Lobby Women's Restroom**

H.      The Plaintiff had difficulty utilizing the paper towel dispenser and soap dispenser due to the trash receptacle obstructing the clear floor space for an approach. In violation of Section 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

I.      The Plaintiff had difficulty utilizing the side wall grab bar due to the side wall grab bar not extending 54 inches from the back wall as required. In violation of Section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

J.      The Plaintiff had difficulty reaching the paper towel dispenser due to the paper towel dispenser being mounted higher than 48 inches above the finished floor. In violation of Section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

K.      The Plaintiff had difficulty utilizing the coat hook due to the coat hook being mounted higher than 48 inches above the finished floor. In violation of Sections 604.8.3 and 308.2.1of the 2010 ADA Standards, whose resolution is readily achievable.

L.      The Plaintiff had a difficult time utilizing the door hardware as it required tight grasping and twisting of the wrist to operate. In violation of Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**Pool Area**

M.      The Plaintiff had difficulty utilizing the gate due to the operable mechanism being higher than 48 inches above the ground. In violation of Section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

N.      The Plaintiff had difficulty utilizing the gate due to the gate not providing 18 inches of latch side clearance as required. In violation of Section 404.2.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

O.      The Plaintiff had difficulty utilizing the tables in the pool area due to the tables not providing knee and toe clearance as required. In violation of Sections 306.2.1 and 306.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Guestroom**

P.      The Plaintiff had to use caution when utilizing the lavatory due to the drain pipe missing insulation as required. In violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

Q.      The Plaintiff had a difficult time operating the flush control due to the flush control not being located on the open side of the toilet as required. In violation of Section 604.6 in the 2010 ADA Standards, whose resolution is readily achievable.

R.      The Plaintiff had a difficult time traversing to the lavatory due to the trash can obstructing the clear floor space. In violation of Section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

S.      The Plaintiff had a difficult time operating the hand held shower spray unit due to the shower spray unit not providing an on/off control with a non-positive shut-off as required. In violation of Section 608.6 in the 2010 ADA Standards, whose resolution is readily achievable.

**Guest Rooms**

T.      The hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of Section 224.2 of the Standards.

**Maintenance**

U.      The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR Section 36.211.

18.     All of the foregoing violations are violations of the 1991 Americans with Disabilities Act Guidelines, and the 2010 ADA Standards for Accessible Design, as promulgated

by the U.S. Department of Justice.

19.     The discriminatory violations described in paragraph 17 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

20.     The individual Plaintiff, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

21.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages  and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services.

22.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent  to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23.     Appendix A to Part 36 - Standards for Accessible Design (28 CFR Part 36, App. A), sets out guidelines for accessibility for buildings and facilities.  These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

24.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

26.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

27.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff Injunctive Relief including an order to alter La Quinta Inn by Wyndham San Antonio Vance Jackson to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e.     The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

Respectfully submitted,


_____

Ronald J. Smeberg, Esq.
Muller Smeberg, PLLC
State Bar No. 24033967
111 W. Sunset Rd.
San Antonio, TX 78209
Telephone  (210) 664-5000
Facsimile   (210) 598-7357
ron@smeberg.com

John P. Fuller, Esq., Attorney in Charge
Fuller, Fuller & Associates, P.A.
FL Bar No. 0276847
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505
jpf@fullerfuller.com

Counsel for Plaintiff Maria Gallagher